UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Bowmar Archery LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**Du Bro Products Inc. d/b/a Pine Ridge Archery,**<br><br>    **Defendant.** | Case No. 1:25-cv-10266<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

The Plaintiff, Bowmar Archery LLC (hereinafter "Bowmar"), for its Complaint against the Defendant, Du Bro Products d/b/a Pine Ridge Archery ("Defendant"), alleges as follows:

### The Parties

1. Plaintiff Bowmar is an Iowa corporation having its principal place of business at 666 Grand Avenue, Des Moines, Iowa. Bowmar is a leader in the development and design of archery technology and products.

2. Defendant Du Bro Products (d/b/a Pine Ridge Archery) is an Illinois corporation with a place of business at 480 Bonner Rd, Wauconda, Illinois. Defendant makes, uses, sells and offers for sale archery products, including those referred to as the "Beak Button."

3. Defendant does business on a regular basis in Illinois and in this District, including making, using, selling and/or offering for sale its "Beak Button" product in Illinois and this District

that infringe Bowmar's rights.

## Jurisdiction and Venue

4. This is an action for damages and injunctive relief based on patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over this complaint pursuant to at last 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over the Defendant is proper in this Court because Defendant resides here, actively and regularly conducts business within the state of Illinois, and conducts business in this District through its headquarters located in Wauconda, Illinois.

5. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b). Defendant makes, sells and/or offers to sell its infringing "Beak Button" in this District from its Wauconda headquarters. Defendant has sales, manufacturing, and distribution facilities in this District at its Wauconda headquarters.

## Bowmar's Intellectual Property

4. Bowmar's intellectual property is one of its major assets and the ownership of the technology used in its products is important to its competitive position. Bowmar holds several United States patents and pending patent applications covering various archery products.

5. On July 8, 2025, the United States Patent and Trademark Office duly and legally issued United States Patent No. 12,352,526 ("the '526 Patent") entitled "Bowmar Nose Button."

6. Bowmar is the owner of the '526 Patent, by virtue of the assignment to it of all rights, title and interest to the '526 Patent. A true and correct copy of the '526 Patent is attached to this Complaint as Exhibit A.

7. Bowmar is also the owner of United States Patent Application No. 19/189,766 ("the '766 Application") entitled "Bowmar Nose Button." The United States Patent and Trademark Office issued a Notice of Allowance of the '766 Application on July 22, 2025. The '766 Application will issue within the next few weeks, and when it does, Bowmar will seek to amend its Complaint to add that newly issued patent to this case.

**Defendant's Infringing Products**

8. Defendant makes, sells, and offers to sell an archery product entitled "Beak Button."

9. As set forth herein, Defendant's "Beak Button" (the "Accused Product") infringes Bowmar's patent rights.

10. Defendant's Accused Product is depicted below and also in Exhibit B.



> **PRODUCT DESCRIPTION**
>
> Pine Ridge Archery is proud to introduce the Beak Button. The Beak Button allows archers to use their noses as a consistent anchor point when shooting which can help increase overall accuracy.
>
> The bell-shaped Beak Button is made of a soft rubber material that is comfortable next to the skin of the nose, which makes shooting enjoyable shot after shot.

**Accused Product – i.e., the "Beak Button"**

11. Defendant manufactures, uses, offers to sell, sells, and/or imports the Accused Product that directly infringes, either literally or through the doctrine of equivalents one or more claims of the '526 Patent and one or more claims in the soon to issue '766 Application.

**Count 1 - Infringement of U.S. Patent No. 12,352,526**

12. Bowmar realleges and incorporates by reference the allegations stated in paragraphs 1-11 of this Complaint as if fully set forth herein.

13. Defendant manufactures, uses, offers to sell, sells, and/or imports the Accused Product that directly infringes, either literally or through the doctrine of equivalents one or more claims of the '526 Patent, including at least claims 6-13.

14. Exemplary claim 6 of the '526 Patent recites:

> 6. A system for aiming an archery bow comprising:
>
> a split tube configured to engage an archery bow string, the split tube further comprising:
>
> a lumen extending a length of the split tube;

4

> a slit extending an entire length of the split tube and configured to engage the archery bow string;
>
> a first end; and
>
> a second end,
>
> wherein a portion of the first end comprises a projection positioned around the lumen, wherein a portion of the projection comprises a frustum, wherein the projection comprises a round or elliptical cross-section, and
>
> wherein the system is configured to engage a nose of an archer.

15. An exemplary claim chart cross-referencing the elements of claim 6 with an explanation of exemplary infringing aspects of the Defendant's Accused Product is attached as Exhibit B and is incorporated by reference herein.

16. As shown in Exhibit B, the Defendant's Accused Product is a system for aiming an archery bow including each and every element of at least claim 6 of the '526 Patent, either literally or through the doctrine of equivalents, including:

> a split tube configured to engage an archery bow string, the split tube further comprising:
>
> a lumen extending a length of the split tube;
>
> a slit extending an entire length of the split tube and configured to engage the archery bow string;
>
> a first end; and
>
> a second end, wherein a portion of the first end comprises a projection positioned around the lumen,
>
> wherein a portion of the projection comprises a frustum,
>
> wherein the projection comprises a round or elliptical cross-section, and
>
> wherein the system is configured to engage a nose of an archer.

17. Defendant, has literally or under the doctrine of equivalents, infringed and is infringing, one or more claims of the '526 Patent under at least 35 U.S.C. §271(a) by making, using, selling, and/or offering to sell the Accused Product.

18. Defendant has, literally or under the doctrine of equivalents, actively induced infringement, and is actively inducing infringement of one or more claims of the '526 Patent under at least 35 U.S.C. §271(b) by aiding and abetting, encouraging and intending its customers, distributors, and possibly others as yet unknown to Bowmar to use, sell or offer to sell in the United States, the Accused Product.

19. Defendant has, literally or under the doctrine of equivalents, contributorily infringed and is contributorily infringing, one or more claims of the '526 Patent under at least 35 U.S.C. §271(c) by making, using, selling, and/or offering to sell to customers and possibly others as yet unknown to Bowmar, the Accused Product advertised for use on archery bows in a manner that directly infringes one or more claims of the '526 Patent, the Accused Product constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patented claims and not a staple article or commodity of commerce suitable for substantial noninfringing use.

20. Defendant's acts of infringement have been without express or implied license by Bowmar, are in violation of Bowmar's rights, and will continue unless enjoined by this Court.

21. On information and belief, Defendant's acts of infringement have been willful as Defendant had actual knowledge of the '526 Patent at least as early as July of 2025. Defendant has continued its infringement with knowledge of the '526 Patent and in willful disregard of the '526 Patent and the rights created thereunder.

22. Bowmar has been and will continue to be irreparably harmed by Defendant's

infringement of the '526 Patent.

## Jury Demand

Bowmar demands a jury trial on all issues so triable.

## Prayer For Relief

**WHEREFORE**, Plaintiff Bowmar respectfully prays that:

A. Pursuant to 35 U.S.C. § 271, this Court enter judgment that Defendant has been and is currently infringing the '526 Patent.

B. This Court Order that Defendant and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '526 Patent, including through making, selling or offering for sale the infringing products or importing the infringing products or engaging in infringing activities;

C. This Court Order that Defendant provide an accounting to determine the damages suffered by Bowmar as a result of Defendant's acts of patent infringement, such damages including no less than a reasonable royalty;

D. This Court Order that Defendant pay Bowmar the amount of damages that Bowmar has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §2 84 as a result of any willful infringement of Bowmar's '526 Patent;

E. This be declared an exceptional case under 35 U.S.C. § 285, and Bowmar be awarded its attorneys' fees;

J.      This Court Order that Defendant pay Bowmar an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

K.      Bowmar be granted such other further relief as the Court may deem proper and just.

Dated: August 27, 2025                      Respectfully submitted,

By: /s/ Jason S. Shull

Jason S. Shull
Illinois Bar No. 6273435
jshull@bannerwitcoff.com
Banner Witcoff
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR PLAINTIFF BOWMAR ARCHERY LLC**